MATTHEW MORBELLO, SBN 190043
TEAGUE P. PATERSON, SBN 226659
BEESON, TAYER & BODINE, APC
1404 Franklin Street, 5th Floor
Oakland, CA 94612-3208
Telephone:    (510) 625-9700
Facsimile:    (510) 625-8275
Email:    mmorbello@beesontayer.com
          tpaterson@beesontayer.com

Attorneys for Plaintiffs
Trustees of the Tri-Counties Welfare Trust Fund
and Professional Group Administrators, Inc.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### AT SAN JOSE

| | |
|---|---|
| TRUSTEES OF THE TRI-COUNTIES WELFARE TRUST FUND and PROFESSIONAL GROUP ADMINISTRATORS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BAHRAT RAKSHAK, DDS, a professional dental corporation, d/b/a RODEO DENTAL GROUP; LYNNE SIMMS, D.D.S., a professional dental corporation, d/b/a RODEO DENTAL GROUP; JESSICA HUANTE, individually; BAHRAT RAKSHAK, individually; LYNNE SIMMS, individually; DOES 1 through 15 inclusive,<br><br>Defendants. | Case No. C-07-06332 RMW<br><br>**NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND**<br>**[Fed R. Civ. P. 1447(c)]**<br><br>Hearing Date:    March 7, 2008<br>Hearing Time:    9:00 a.m.<br>Courtroom:    Ctrm. 6, 4th Floor<br>Judge:    Hon. Ronald M. Whyte<br>Complaint Filed:    September 28, 2007<br>Trial Date:    TBD |

**TO DEFENDANTS BHARAT RAKSHAK, DDS, BHARAT RAKSHAK, JESSICA HUANTE AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on March 7, 2008, at 9:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 280 South First Street, San Jose, California, in the courtroom of the Hon. Ronald M. Whyte, plaintiff will and hereby does move the Court for remand of the above-captioned matter to the Superior Court of the State of California for Monterey County. This motion is brought on the grounds that the notice of removal is defective as it was not joined by all defendants and the underlying complaint does not state removable claims.

1        This motion is based on this Notice of Motion and Motion, the Memorandum of Points and

2    Authorities filed herewith, the declaration of Matthew Morbello, Esq., the pleadings and papers on

3    file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

4

5    Dated: January 11, 2008            BEESON, TAYER & BODINE, APC

6

7                              By:      /s/
                                   TEAGUE P. PATERSON

8                                       MATTHEW MORBELLO
                                 Attorneys for Plaintiffs

9                                       Trustees of the Tri-Counties Welfare Trust Fund
                                 and Professional Group Administrators, Inc.

10

11    **MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION TO REMAND**

12    **INTRODUCTION**

13        Defendant Bharat Rakshak, DDS (misspelled in the caption as "Bahrat Rakshak, DDS") filed

14    a notice of removal on December 13, 2007, removing the underlying case from the Monterey County

15    Superior Court. The notice of removal alleges that this court has federal question jurisdiction under

16    both the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 300, *et seq.*, and the Employee

17    Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* Plaintiffs the

18    Trustees of the Tri-Counties Welfare Trust Fund and Professional Group Administrators, Inc. move

19    to remand on the following grounds:

20        1.    Defendant Bharat Rakshak, DDS failed to obtain the joinder of all served defendants

21    at the time it filed the notice of removal and the removal is therefore procedurally defective.

22        2.    This court lacks subject matter jurisdiction over the underlying complaint as the

23    claims raised therein do not raise federal questions under either the LMRA or ERISA.

24    **BACKGROUND FACTS**

25        The complaint alleges the following facts:

26        From on or about January 14, 2005 until July 2005, defendant Jessica Huante was an

27    employee of defendants Bharat Rakshak, DDS and Lynne Simms, DDS, doing business as Rodeo

28    Dental (together, "Rodeo Dental"). Complaint, ¶¶ 15 and 27. She did not work for Rodeo Dental

1   after July 2005.  Complaint, ¶ 25.

2       Rodeo Dental was party to a collective bargaining agreement with Teamsters Local 890

3   effective March 1, 2003 through February 28, 2007, covering receptionists, dental assistants, clerks,

4   office workers, billing and administrative employees.  Complaint, ¶ 11.  One provision of the

5   agreement required Rodeo Dental to contribute on behalf of eligible employees to the Tri-Counties

6   Welfare Trust Fund ("Tri-Counties"), a multiemployer health and welfare trust fund.  Complaint, ¶¶ 3

7   and 11.  Eligibility for non-seniority employees (including those with less than a year of seniority,

8   such as Huante) is contingent upon working at least eighty (80) hours in the month prior to the month

9   of coverage, and also during the month of coverage.  Complaint, ¶ 11.

10      On October 3, 2005, Good Samaritan Hospital (hereafter, "Good Samaritan") admitted

11  Huante and her dependent, who were not discharged until in or about February 17, 2006.  Complaint,

12  ¶ 19.  On the same day of her admission, Rodeo Dental attempted to enroll Huante in medical

13  coverage sponsored by Tri-Counties.  Complaint, ¶ 18.  In fact, defendants Rakshak, Simms and

14  Huante knew that since her last day of work was in July 2005, she was plainly ineligible for benefits

15  under Trust rules and were attempting to deceive Tri-Counties into extending coverage for what they

16  knew would be a sizable claim.  Complaint, ¶¶ 26-27.

17      Tri-Counties' third-party administrator, plaintiff Professional Group Administrators, Inc.

18  (hereafter, "PGA") was suspicious of the timing of Huante's admission and her attempted enrollment.

19  Complaint, ¶ 20.  It advised medical providers, including Good Samaritan, that her eligibility for

20  Fund benefits was pending and could not be confirmed.  Complaint, ¶ 20.  It was not able to confirm

21  her eligibility on any date of service relevant to this complaint and eventually Rodeo Dental's

22  participation was terminated entirely for chronically delinquent premium contributions.  Complaint,

23  ¶¶ 22-23.  Tri-Counties denied Huante's claims for service and has in turn been sued by Good

24  Samaritan for over $2 million, the Hospital's charges for the services provided to Huante.

25  Complaint, ¶ 31.

26                                 **ARGUMENT**

27      A party seeking application of preemption bears "the considerable burden of overcoming 'the

28  starting presumption that Congress does not intend to supplant state law.'"  De Buono v. NYSA-ILA

<u>Medical and Clinical Services Fund</u>, 520 U.S. 806, 814 (1997). Rakshak has improperly removed a *bona fide* state action without the joinder of his co-defendants. In addition, the Complaint provides no support for the removal. As explained below, the Court should remand the action to the State Superior Court in which it was initiated, and award plaintiffs their attorney's fees and costs incurred as a result of the improvident removal.

## I.    <u>The Notice Of Removal Is Defective As It Was Not Joined By All Defendants</u>

Rakshak failed to obtain joinder of removal of all defendants to this lawsuit before it filed its notice of removal and, as a result, the removal is procedurally defective and must be remanded. All defendants to a complaint filed in state court must ordinarily join in the removal; the refusal of even one defendant to join the removal defeats removal and requires remand. <u>Hewitt v. City of Stanton</u>, 798 F.2d 1230, 1232 (9th Cir. 1986). An exception applies where a defendant has not been served with the complaint at the time the notice of removal is filed. <u>Salveson v. Western States Bankcard Ass'n</u>, 731 F.2d 1423, 1429 (9th Cir. 1984). However, this exception is not applicable here because service was effected on co-defendant Huante on December 4, 2007, by substituted service pursuant to California Code of Civil Procedure § 415.20. Morbello Decl., ¶ 3, Ex. A. Co-defendant Huante has not joined in the removal, and so this case necessarily must be remanded to the Superior Court, Monterey County.

## II.    <u>ERISA Does Not Preempt Tri-Counties and PGA's Causes of Action</u>

This action is not an ERISA action. It is an action for fraud and misrepresentation brought against an individual and her employer who defrauded Tri-Counties. Rakshak asserts that the action may be removed pursuant to 28 U.S.C. §§ 1132 and 1144 because "it alleges claims against plan fiduciaries related to the management of an employee benefit plan" and "ERISA provides comprehensive remedies for such claims, including actions to recover benefits due and/or enforce rights under the terms of the plan." Notice of Removal, ¶ 5. This statement is incorrect because none of the defendants are fiduciaries of Tri-Counties. <u>See</u> ERISA § 3(21) (defining "fiduciary" under ERISA); 29 C.F.R. 2509.75-8(D-5) (an employer-sponsor of an ERISA plan is not an ERISA fiduciary if it performs no fiduciary functions).

The defendants in this case consist of an individual, Huante, and her employer, Rodeo Dental

1   and its principals. This action is not an attempt to "recover benefits" under the plan. Tri-Counties

2   cannot recover benefits it has not paid (and even if it was, as explained below, ERISA would not

3   preempt such an action predicated on fraud). Finally, the complaint is not attempting to enforce the

4   terms of an employee benefit plan, but instead seeks damages arising out of the defendants'

5   misrepresentation of Huante's eligibility to Tri-Counties and Good Samaritan.

6           Contrary to Rakshak's characterization of the complaint, this is a "garden variety" fraud

7   action brought against an entity that has defrauded Tri-Counties, and for which the Trustees have

8   every right to avail themselves of state law. To be preempted, state court claims must fall within the

9   realm preempted by 29 U.S.C. §§ 1132 or 1144, which preempt laws that "mandate employee benefit

10  structures or their administration" or provide "alternative enforcement mechanisms." New York State

11  Conference of Blue Cross & Blue Shield Plans v. Travelers Insurance Co., 514 U.S. 645, 658 (1995)

12  (setting forth standard for ERISA preemption).

13          Numerous federal courts of appeals have found that state common law fraud and

14  misrepresentation claims "do not relate to an employee benefit plan" and are not "alternative

15  enforcement mechanisms subject to preemption" when they do not implicate provision of employee

16  benefits. Trustees of the AFTRA Health Fund v. Biondi, 303 F.3d 765, 782 (7th Cir. 2002).

17          In Biondi, the Seventh Circuit held that the multiemployer plan trustees' claims for fraudulent

18  misrepresentation and fraudulent concealment against a participant for overpayments related to the

19  participant's failure to notify the plan of his divorce were not preempted by either § 1144 or § 1132.

20  Id. In that case, the participant had failed to inform the plan of his divorce and the plan continued to

21  provide medical benefits to the ex-spouse, who, under the terms of the plan, was no longer eligible as

22  a result of the divorce. Id. at 770.

23          The Seventh Circuit noted that "[w]ith respect to the Trustees' claim for fraudulent

24  misrepresentation, [the participant's] argument is a non-starter" because "he had a separate and

25  distinct duty under Illinois tort law not to misrepresent his marital status…." Id. at 777. The court

26  distinguished its case from the more common examples of ERISA preemption involving a

27  participant's assertion of fraud against a plan with respect to the processing of benefits, noting that

28  the "Trustees' common law fraud claim does not implicate any of ERISA's fundamental concerns;

5

1   the Plan is merely the context in which [the Participant's] fraudulent conduct occurred." Id. at 778.

2       Other courts have reached the same conclusion in cases similar to the one at bar. In Geller v.

3   County Line Auto Sales, Inc., 86 F.3d 18, 20 (2d Cir. 1996), the Second Circuit held that the plan

4   trustees' claims for fraud were not preempted where the trustees sought to recover damages resulting

5   from the defendant employer's false reporting of an individual as a full-time employee in order to

6   make her eligible for benefits.

7       The Ninth Circuit followed Biondi and Geller in State Carpenters Pension Trust Fund v.

8   Citibank, 125 F.3d 715, 722-24 (9th Cir. 1997), holding that ERISA did not preempt state law claims

9   for breach of contract, negligence, and fraud because those claims fell outside the three areas of

10  concern identified by the Supreme Court in Travelers, 514 U.S. at 658-60, which include laws that

11  (1) mandate employee benefit structures or their administration, (2) bind plan administrators to

12  particular choices or (3) preclude uniform administrative practices. None of the causes of action in

13  the underlying complaint implicate any of these concerns.

14      Rakshak's citation to Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 66 (1987) as a basis

15  for removal is misplaced (Notice of Removal, ¶ 5), as that case involved a participant's common law

16  claims against an ERISA plan for its termination of benefits, which clearly sought to enforce the

17  terms of the plan and was held preempted under § 1132 as an "alternative enforcement mechanism"

18  to ERISA. The Complaint alleges that Rakshak and the other defendants misrepresented Huante's

19  status to Tri-Counties, when they knew otherwise. The terms of the plan play no role in this

20  allegation and ERISA provides no remedy. Where "there is no reason why a plan participant is

21  entitled to 'blanket immunity' from damages under state tort law simply because he chose to defraud

22  an employee benefit trust fund," there is also no reason to grant an employer similar immunity.

23  Biondi, 303 F.3d at 782 (emphasis added).

### III.    The LMRA Does Not Preempt Tri-Counties and PGA's Causes Of Action

25      Rakshak's removal under § 301 of the LMRA, 29 U.S.C. § 185, relies on the general authority

26  that any state law claim that is not independent of rights established by a collective bargaining

27  agreement, and that is "inextricably intertwined" with a determination of the meaning of the terms of

28  an agreement is preempted by § 301. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213, (1985).

1   The state law claims asserted in the complaint are independent of the collective bargaining agreement

2   and do not require its "interpretation," and are therefore not preempted.

3       Section 301 was enacted so that collective bargaining agreements would be interpreted under

4   a uniform body of federal decisional law. Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399,

5   405-06 (1988) (cited by Rakshak in the Notice of Removal at ¶ 4). Thus, this court has jurisdiction

6   only if Tri-Counties' claims require "interpretation" of a collective bargaining agreement. It is

7   Rakshak's burden to establish federal jurisdiction, and preemption is improper when "the claim is

8   plainly based on state law." Cramer v. Consolidated Freightways, 255 F.3d 683, 691 (9th Cir. 2001)

9   (invasion of privacy claim not preempted, even where employer asserted collective bargaining

10   agreement provided a defense to claim), cert. denied, 534 U.S. 1078 (2002).

11       The Ninth Circuit has held that a Defendant's "creative linkage between the subject matter of

12   the claim and the wording of a collective bargaining agreement provision is insufficient; rather, the

13   proffered interpretation argument must reach a reasonable level of credibility." Id. at 692. Indeed, the

14   need to interpret the collective bargaining agreement "must inure in the nature of the plaintiff's claim.

15   If the claim is simply based on state law, § 301 preemption is not mandated simply because the

16   defendant refers to the CBA in mounting a defense." Id. at 691.

17       In Lingle, 486 U.S. at 407, the Supreme Court held that even if the state claim requires a court

18   to discuss and evaluate the same facts as it would when interpreting the agreement under an LMRA

19   lawsuit, there is no preemption as long as the court is not actually interpreting the agreement. Indeed,

20   "the bare fact that a collective-bargaining agreement will be consulted in the course of state-law

21   litigation plainly does not require the claim to be extinguished." Livadas v. Bradshaw, 512 U.S. 107,

22   124 (1994) (citing Lingle, 486 U.S. at 413, n.12).

23       Other courts have also concluded that the presence of a collective bargaining relationship does

24   not require a finding of preemption of state law tort claims. In Operating Engineers Pension Trust v.

25   Wilson, 915 F.2d 535, 538-39 (9th Cir. 1990), cert. denied, 505 U.S. 1212 (1992), the Ninth Circuit

26   ruled that a state law claim of fraudulent inducement did not require interpretation of the collective

27   bargaining agreement, but instead involved only the facts surrounding the formation of the

28   agreement. Likewise, in Felix v. Lucent Technologies, Inc., 387 F.3d 1146, 1164 (10th Cir. 2004),

**NOTICE OF MOTION, MOTION & MEMO OF P&A'S ISO MOTION TO REMAND**   75289.doc
Case No. C-07-06332 RMW

1  cert. denied, 545 U.S. 1149 (2005), the Tenth Circuit held that fraud claims asserted by employees

2  relating to benefits provided under a collective bargaining agreement were not preempted by § 301 as

3  they did not sue under the contract, but merely "to vindicate their right not to be defrauded."

4      The allegations made in the Complaint will not require the Court to interpret Rodeo Dental's

5  collective bargaining agreement, and the causes of action are therefore not preempted.  The complaint

6  does not allege a misrepresentation regarding the terms or meaning of a collective bargaining

7  agreement, but rather that the defendants fraudulently reported an individual to Tri-Counties as being

8  employed by Rodeo Dental when in fact she was not.  It is important to note that Tri-Counties is not a

9  party to the collective bargaining agreement that Rakshak argues requires preemption. Moreover, the

10  Complaint alleges that Huante was not employed by Rodeo Dental at any time relevant to the dispute

11  and therefore Rodeo Dental's collective bargaining agreement was not applicable to her.  To be sure,

12  the Complaint contains factual allegations concerning the collective bargaining relationship between

13  Teamsters Local 890 and Rodeo Dental, and Rodeo Dental's relationship to Tri-Counties, but these

14  are not material allegations to the causes of action.  Rather, they are offered to provide the factual

15  context through which the defendants were able to defraud Tri-Counties (and are required in order to

16  plead fraud with sufficient particularity).  While the existence of the collective bargaining agreement

17  created an opportunity for Rodeo Dental and Huante to perpetrate the fraud, the commission of the

18  fraud violated state law.

19      There is no need to interpret a collective bargaining agreement to determine whether Huante

20  was employed or eligible for benefits.  The complaint alleges that Huante did not work for Rodeo

21  Dental after July 2005 at any time relevant to the complaint.  The Court need only note that the

22  collective bargaining agreement requires eighty (80) hours of covered work in the month prior to the

23  month of coverage and during the month of coverage.  Complaint, ¶ 11.  This is insufficient to render

24  this action preempted by § 301, because "not every dispute ... tangentially involving a provision of a

25  collective-bargaining agreement, is pre-empted by § 301...." Allis-Chalmers, 471 U.S. at 211; see

26  also Lingle, 486 U.S. at 413, n.12 ("A collective-bargaining agreement may, of course, contain

27  information such as rate of pay and other economic benefits that might be helpful in determining the

28  damages to which a worker prevailing in a state-law suit is entitled"). Because the complaint requires

only that the court consult the collective bargaining agreement to conclude that an employee must be actively engaged in covered employment to be eligible for coverage, it is not preempted by the LMRA.

**IV.   <u>Rakshak Admits That This Case Should Be Consolidated With A Pending Case In the Santa Clara County Superior Court Yet Did Not Timely Remove That Case</u>**

There are two substantially related complaints in state court concerning this dispute, only one of which Rakshak has sought to remove. To the extent that this Court may consider equities to the parties and judicial economy, it should order the instant case remanded so that the two cases may be consolidated in state court.

The first complaint is the instant Complaint that Rakshak now seeks to remove, filed in the Monterey County Superior Court by Tri-Counties and PGA on September 28, 2007, against Rakshak, Huante and Simms (Case No. M86583). This case was filed by Tri-Counties and PGA in anticipation of a lawsuit threatened by Good Samaritan, out of concern that the statute of limitations for certain claims against potential cross-defendants would run if they waited for Good Samaritan to file its complaint.

The second complaint was filed by Good Samaritan in the Santa Clara County Superior Court on October 1, 2007, naming Tri-Counties, Pacific Health Alliance (a network provider), Rodeo Dental and unnamed Does as defendants (Case No. 107CV095539). Among other allegations, the Thirteenth Cause of Action to this complaint alleges that Rodeo Dental violated an "implied contract" to provide Huante with health benefits as part of her employment. Morbello Decl., ¶ 4, Ex. B at 17:6-22 The "implied contract" plainly arises from the collective bargaining agreement between Teamsters Local 890 and Rodeo Dental.

Counsel for Tri-Counties and PGA invited Rakshak to join in the removal of the Santa Clara complaint (on ERISA-preemption grounds), but did not receive a response. Morbello Decl., ¶ 5, Ex. C. Rakshak, as "Rodeo Dental Group" instead filed a general denial to the Santa Clara Complaint on November 19, 2007. Morbello Decl., ¶ 6. Presumably Rakshak could have removed the Santa Clara case on grounds of LMRA preemption (and joined in the removal of a cause of action under ERISA against Tri-Counties), but chose to submit to the jurisdiction of the state court.

9

NOTICE OF MOTION, MOTION & MEMO OF P&A'S ISO MOTION TO REMAND
Case No. C-07-06332 RMW

75289.doc

1   With the Notice of Removal, Rakshak also filed a Notice of Pendency of Other Action or

2   Proceeding, informing this Court of the existence of the Santa Clara action. Rakshak states:

3   
4   > The [Santa Clara case] is an action by Good Samaritan Hospital to recover unpaid health care services for a former employee of Rodeo Dental Group, Jessica Huante, who was a member of Teamsters Local 890 and insured under the Tri-Counties Health and Welfare Trust Fund. In this [removed] action, the Tri-Counties Health and Welfare Trust Fund and Professional Group Administrators, Inc. apparently seek to shift responsibility for the payment of those health care services to Ms. Huante and her former employer. <u>These proceedings should be consolidated in this Court to avoid conflicts, conserve resources and promote the efficient determination of the action.</u>

5   

6   

7   

8   Notice of Pendency of Other Action or Proceeding at 2:3-10 (emphasis added).

9        Tri-Counties and PGA will not object to the eventual consolidation of the two cases, which

10  are obviously substantially related, but raises the question of whether consolidation in this Court is

11  possible since the time for removal in the Santa Clara case has passed.  If this case is not remanded,

12  the parties will need to navigate two different judicial systems to resolve their dispute.  Not all the

13  parties to the Santa Clara case are parties to this case.  This cannot be in the interest of any of the

14  parties or courts.

15                              **CONCLUSION**

16       For the reasons set forth above, plaintiffs Trustees on Behalf of the Tri-Counties Trust Fund

17  and Professional Group Administrators, Inc. respectfully request that this case be remanded to the

18  Superior Court for Monterey County and that they be awarded their reasonable attorney's fees and

19  costs incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c).

20  Dated:  January 11, 2008                    BEESON, TAYER & BODINE, APC

21  

22  

23                                    By:      /s/
                                            TEAGUE P. PATERSON
24                                          MATTHEW MORBELLO
                                            Attorneys for Plaintiffs
25                                          Trustees of the Tri-Counties Welfare Trust Fund
                                            and Professional Group Administrators, Inc.

26  

27  

28  

**NOTICE OF MOTION, MOTION & MEMO OF P&A'S ISO MOTION TO REMAND**
Case No. C-07-06332 RMW

75289.doc