MATTHEW MORBELLO, SBN 190043
TEAGUE P. PATERSON, SBN 226659
BEESON, TAYER & BODINE, APC
1404 Franklin Street, 5th Floor
Oakland, CA  94612-3208
Telephone:    (510) 625-9700
Facsimile:     (510) 625-8275
Email:          mmorbello@beesontayer.com
                    tpaterson@beesontayer.com

Attorneys for Plaintiffs
Trustees of the Tri-Counties Welfare Trust Fund and Professional Group Administrators, Inc.

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## AT SAN JOSE

| | |
|---|---|
| TRUSTEES OF THE TRI-COUNTIES WELFARE TRUST FUND and PROFESSIONAL GROUP ADMINISTRATORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BAHRAT RAKSHAK, DDS, a professional dental corporation, d/b/a RODEO DENTAL GROUP; LYNNE SIMMS, D.D.S., a professional dental corporation, d/b/a RODEO DENTAL GROUP;  JESSICA HUANTE, individually; BAHRAT RAKSHAK, individually; LYNNE SIMMS, individually; DOES 1 through 15 inclusive, <br><br> Defendants. | Case No. C-07-06332 RMW <br><br> **DECLARATION OF MATTHEW MORBELLO IN SUPPORT OF MOTION TO REMAND** <br> **[Fed R. Civ. P. 1447(c)]** <br><br> Hearing Date:        March 7, 2008 <br> Hearing Time:       9:00 a.m. <br> Courtroom:           Ctrm. 6, 4th Floor <br> Judge:                   Hon. Ronald M. Whyte <br><br> Complaint Filed:    September 28, 2007 <br> Trial Date:            TBD |

## <u>DECLARATION OF MATTHEW MORBELLO</u>

## <u>IN SUPPORT OF MOTION TO REMAND</u>

I, Matthew Morbello, declare:

1.      I am the attorney for Trustees of the Tri-Counties Welfare Trust Fund ("Tri-Counties") and Professional Group Administrators, Inc. ("PGA") and have personal knowledge of each fact stated in this declaration.

1    2.     The complaint in the above-captioned matter was originally filed on September 28,

2  2007 in the Superior Court for the State of California for Monterey County, and assigned case

3  number M86583.

4     3.     The summons and complaint in this matter were served on defendant Jessica Huante

5  by substituted service pursuant to California Code of Civil Procedure § 415.20.  A true and correct

6  copy of the proof of service showing service effective on December 4, 2007 (10 days after mailing) is

7  attached as Exhibit A to this declaration.

8     4.     Good Samaritan Hospital, LP filed a complaint on October 1, 2007 against Tri-

9  Counties, Pacific Health Alliance, Inc. and Rodeo Dental Group in the Superior Court for the State of

10  California for Monterey County, assigned case number 107CV095539.  This complaint is

11  substantially related to the complaint filed in Monterey County.  A true and correct copy of this

12  complaint is attached as Exhibit B to this declaration.

13     5.     On October 22, 2007, our office sent and faxed a letter to Dr. Bharat Rakshak, asking

14  him to have his attorney, who had not yet entered an appearance, contact me to discuss removing the

15  complaint filed by Good Samaritan Hospital to federal court.  I did not receive a response to my

16  letter.  A true and correct copy of the letter and fax coversheet are attached as Exhibit C to this

17  declaration.

18     6.     The docket information on the website for the Santa Clara County Superior Court

19  shows that on November 19, 2007, Rodeo Dental filed an answer to the complaint filed by Good

20  Samaritan Hospital.

21     I declare under penalty of perjury under the laws of the State of California that the foregoing

22  is true and correct.

23

24  Date:   January 10, 2008

                                    MATTHEW MORBELLO

25

26

27

28

DECLARATION OF MATTHEW MORBELLO IN SUPPORT OF MOTION TO
REMAND
Case No. C-07-06332 RMW

75123.doc

**EXHIBIT A**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>TEAGUE P. PATERSON, ESQ. (226659)<br>BEESON, TAYER & BODINE<br>1404 Franklin Street, 5th Floor<br>Oakland, California 94612<br>TELEPHONE NO.: (510) 625-9700     FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):PLAINITFFS | FOR COURT USE ONLY<br><br>**FILED**<br><br>DEC 17 2007<br><br>**CONNIE MAZZEI**<br>**CLERK OF THE SUPERIOR COURT**<br>DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  MONTEREY
STREET ADDRESS: 1200 Aguajito Road, 2nd
MAILING ADDRESS: Monterey, California
CITY AND ZIP CODE:
BRANCH NAME:

| PLAINTIFF/PETITIONER:  TRUSTEES OF THE TRI-COUNTIES WELFARE | CASE NUMBER:<br>M86583 |
| DEFENDANT/RESPONDENT:  BAHRAT RAKSHAK DDS | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>W2487293 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☐ summons
   b. ☐ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* SUMMONS; FIRST AMENDED COMPLAINT; COMPLAINT; CASE MANAGEMENT NOTICE

3. a. Party served *(specify name of party as shown on documents served):*
      JESSICA HUARTE, individually

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: 750 Colton Drive
                                       Salinas, CA  93950

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):*                   (2) at *(time):*
   b. ☑ **by substituted service.** On *(date):*11/24/2007 at *(time):*1:16  p.mI left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
      GILBERTO MEJIA, Grandfather
      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☑ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          or ☑ a declaration of mailing is attached.
      (5) ☑ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: TRUSTEES OF THE TRI-COUNTIES WELFARE | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: BAHRAT RAKSHAK DDS | M86583 |

5.   c. ☐   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

     (1) on *(date):*                           (2) from *(city):*

     (3) ☐   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

     (4) ☐   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐   **by other means** *(specify means of service and authorizing code section):*

         ☐   Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☑   as an individual defendant.
  b. ☐   as the person sued under the fictitious name of *(specify):*
  c. ☐   as occupant.
  d. ☐   On behalf of *(specify):*
       under the following Code of Civil Procedure section:

         ☐ 416.10 (corporation)             ☐ 415.95 (business organization, form unknown)
         ☐ 416.20 (defunct corporation)         ☐ 416.60 (minor)
         ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)
         ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
         ☐ 416.50 (public entity)               ☐ 415.46 (occupant)
                                       ☐ other:

7. **Person who served papers**
  a. Name:   Gerardo Serra
  b. Address: Wheels of Justice, Inc., 657 Mission Street, Suite 502, San Francisco, California   94105
  c. Telephone number: (415)     546-6000
  d. The fee for service was: $
  e. I am:
     (1) ☐   not a registered California process server.
     (2) ☐   exempt from registration under Business and Professions Code section 22350(b).
     (3) ☑   a registered California process server:
         (i)   ☐ owner    ☐ employee   ☑ independent contractor.
         (ii)   Registration No.: 5 5
         (iii)   County: Monterey

8. ☑   **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

     or

9. ☐   **I am a California sheriff or marshal and I certify that the foregoing is true and correct.**

Date:   November 27, 2007

        Gerardo Serra                         ▸ *(signature)*

    ────────────────────────────────         ────────────────────────────────
      (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)            (SIGNATURE )

TEAGUE P. PATERSON, ESQ. (226659)
BEESON, TAYER & BODINE
1404 Franklin Street, 5th Floor
Oakland, California 94612
Telephone: (510) 625-9700
Attorneys for: PLAINITFFS

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF MONTEREY

Plaintiff(s)   : TRUSTEES OF THE TRI-COUNTIES WELFARE
Defendant(s) : BAHRAT RAKSHAK DDS

Hearing  Date:
Time:                    Dept.

| Invoice No.  W2487293 | DECLARATION  RE  DILIGENCE | Case No. M86583 |
|---|---|---|

I Gerardo Serra                              , and any employees or independent contractors retained by
WHEELS OF JUSTICE, INC. are and were on the dates mentioned herein over the age of eighteen years
and not a party to this action. Personal service was attempted on

**JESSICA  HUARTE,  individually**

(3)  Alternate Address : 22 Kilburn St Apt B,, Watsonville, Ca 95076-4208,
(2)  Business Address  : UNKNOWN,
(1)  Residence Address : 750 Colton Drive, Salinas, Ca 93950

| Date and time of attempt(s): | | Reason  for non-service: | Loc |
|---|---|---|---|
| 11/15/07 | 4:15 p.m. | No answer. | 1 |
| 11/16/07 | 6:52 p.m. | Subject not in. | 1 |
| 11/18/07 | 10:15 a.m. | No answer. | 1 |
| 11/19/07 | 7:07 p.m. | No answer. | 1 |
| 11/20/07 | 7:44 p.m. | No answer. | 1 |
| 11/21/07 | 8:25 p.m. | No answer. | 1 |
| 11/24/07 | 1:16 p.m. | Subserved GILBERTO MEJIA, Grandfarther. | 1 |

This Declaration is based upon business records maintained in the normal course of business
I declare under penalty of perjury under the laws of the State of California that the foregoing is
true and correct.
Executed on November 27, 2007                    Signature
                                                                                          Gerardo Serra

**WHEELS OF JUSTICE, INC.,** 657 Mission Street, Suite 502 San Francisco, CA  94105  (415) 546-6000
Printed on recycled paper

| Attorney Or Party Without Attorney (Name and Address) | Telephone: | |
|---|---|---|
| TEAGUE P. PATERSON, ESQ. (226659)<br>BEESON, TAYER & BODINE<br>1404 Franklin Street, 5th Floor<br>Oakland, California 94612 | (510) 625-9700 | **FILED**<br>DEC 17 2007<br>CONNIE MAZZEI<br>CLERK OF THE SUPERIOR COURT<br>DEPUTY |
| Attorneys for: PLAINITFFS | Ref. No. Or File No.<br>W2487293 | |

Insert name of court, judicial district and branch court, if any:

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**IN AND FOR THE COUNTY OF MONTEREY**

Plaintiff:

TRUSTEES OF THE TRI-COUNTIES WELFARE

Defendant:

BAHRAT RAKSHAK DDS

| **POS BY MAIL** | Hearing Date: | Time: | Dept./Div: | Case Number:<br>M86583 |
|---|---|---|---|---|

At the time of service I was at least 18 years of age and not a party to this action.
On November 27, 2007, I served the within:

SUMMONS; FIRST AMENDED COMPLAINT; COMPLAINT; CASE MANAGEMENT NOTICE

on the defendant in the within action by placing a true copy in a sealed envelope with postage fully
prepaid for first class in the United States mail at San Francisco, California, addressed as follows:

JESSICA HUARTE, individually
750 Colton Drive
Salinas, CA 93950

Person serving:
Edwina Galvan
**Wheels of Justice, Inc.**
657 Mission Street, Suite 502
San Francisco, California 94105
Phone: (415) 546-6000

a. Fee for service:
d. Registered California Process Server
   (1) Employee or independent contractor
   (2) Registration No.: 406
   (3) County: San Francisco

I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.

Date: November 27, 2007

Signature: _____
                Edwina Galvan


Printed on recycled paper

Judicial Council form, rule 982(a) (23)

**<u>EXHIBIT B</u>**

1 GLENN E. SOLOMON (State Bar No. 155674)
2 MICHAEL A. DUBIN (State Bar No. 212581)
**HOOPER, LUNDY & BOOKMAN, INC.**
575 Market Street, Suite 2300
3 San Francisco, California 94501
Telephone: (415) 875-8500
4 Facsimile: (415) 875-8519
E-Mail:  mdubin@health-law.com
5
ATTORNEYS FOR PLAINTIFF GOOD SAMARITAN
6 HOSPITAL LP

7

8

ENDORSED FILED

OCT -1 07

~IRI TORRE, CEO
~PERIOR COURT OF CA.
CO. OF SANTA CLARA
Y_____DEPUTY

J. Cao-Nguyen

9 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 **COUNTY OF SANTA CLARA**

11 GOOD SAMARITAN HOSPITAL LP, d/b/a
GOOD SAMARITAN HOSPITAL, a
12 California limited partnership,

13                Plaintiff,

14        vs.

15 TRI-COUNTIES HEALTH AND WELFARE
TRUST FUND, a health plan insurer,
16 PACIFIC HEALTH ALLIANCE, INC., a
California corporation; RODEO DENTAL
17 GROUP; a California business and DOES 1-
50, inclusive,
18
               Defendants.
19

CASE NO. **1 0 7 C V 0 9 5 5 3 9**

**COMPLAINT FOR DAMAGES**

**BY FAX**

20        GOOD SAMARITAN HOSPITAL LP, d/b/a GOOD SAMARITAN HOSPITAL hereby

21 brings this Complaint (this "Complaint") against TRI-COUNTIES HEALTH AND WELFARE

22 TRUST FUND, a health plan insurer, PACIFIC HEALTH ALLIANCE, INC., a California

23 corporation and RODEO DENTAL GROUP, a California business. This case arises out of over

24 $2,000,000.00 in health care services provided by GOOD SAMARITAN to a Mother and her

25 Baby[1], who were entitled to health care coverage arranged for by Defendants. GOOD

26

27 [1] For purposes of confidentiality, this Complaint does not contain the names of the mother and the
28 baby, who were patients of Good Samaritan and for purposes hereof will be referred to as "Mother
(footnote continued)

HOOPER, LUNDY & BOOKMAN, INC.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL: (415) 875-8500 • FAX: (415) 875-8519

2013134.1

1  SAMARITAN has the right to payment based on direct legal rights, and independently, based on

2  an assignment of benefits from, and on behalf of, Mother G and Baby G.

3         Each of the Defendants has either pointed a finger at one of the other defendants or failed

4  in part in whole to respond to inquiries from GOOD SAMARITAN about which one bears

5  primary responsibility among them for payment. Accordingly, GOOD SAMARITAN has been

6  forced to serve these Defendants together to obtain payment.

7         As such, Plaintiff, GOOD SAMARITAN, complains and alleges based on information and

8  belief as follows:

9                                    **PARTIES**

10        1.    Plaintiff GOOD SAMARITAN HOSPITAL d/b/a GOOD SAMARITAN

11  HOSPITAL ("GOOD SAMARITAN") is, and at all relevant times was, a California limited

12  partnership whose principal place of business is in San Jose, California.

13        2.    GOOD SAMARITAN is also the assignee of the claims of Mother G and her

14  daughter, Baby G, who were patients at GOOD SAMARITAN.

15        3.    Plaintiff is informed by defendant TRI-COUNTIES HEALTH AND WELFARE

16  TRUST FUND (the "TRI –COUNTIES FUND") that it is a joint labor-management welfare

17  benefit plan within the meaning of Section 3(2)(A) of the Employee Retirement Income Security

18  Act of 1974 (ERISA), 29 U.S.C. § 1002(1). The TRI-COUNTIES FUND's principal place of

19  business is Salinas, California.

20        4.    GOOD SAMARITAN is informed and believes that Defendant PACIFIC

21  HEALTH ALLIANCE, INC. ("PHA") is a for-profit California corporation whose principal place

22  of business and registered agent for service of process address is 1350 Bayshore Hwy., Suite 560,

23  Burlingame, CA 94010. GOOD SAMARITAN is informed and believes that, among other

24  things, PHA is authorized to transact business, and does transact business, in Santa Clara County

25  and throughout California. GOOD SAMARITAN is informed and believes that PHA arranged for

26  ———————————————————————————————

27  G" and "Baby G." The correct legal names of Mother G and Baby G have been provided to
    Defendants.

28

HOOPER, LUNDY & BOOKMAN, INC.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL. (415) 875-8500 • FAX (415) 875-8519

2013134.1

1 the provision of medical services to the TRI-COUNTIES FUND subscribers and, among other

2 things, provided contract management, utilization review and development of cost containment

3 alternatives for the TRI-COUNTIES FUND.

4    5.    GOOD SAMARITAN is informed and believes that Defendant RODEO DENTAL

5 GROUP ("RODEO DENTAL") is a California business whose address is 1070 N. Davis Rd.,

6 Salinas, CA 93907. GOOD SAMARITAN is informed and believes that RODEO DENTAL was

7 a signatory to a master Professional, Technical, Office and Community Service Employees

8 Agreement with TRI-COUNTIES which provided coverage to its employees under the TRI-

9 COUNTIES FUND. GOOD SAMARITAN is informed and believes that Mother G was

10 employed by RODEO DENTAL in 2005.

11    6.    Plaintiff is unaware of the true names and capacities of Defendants sued herein as

12 DOES 1-50, inclusive, and therefore sues said defendants by such fictitious names and will amend

13 this Complaint to allege their true names and capacities when ascertained.

14    **GENERAL ALLEGATIONS**

15    7.    On or about October 3, 2005, Mother G was admitted to GOOD SAMARITAN.

16 Later that day she delivered a newborn girl, Baby G, who required further medical treatment.

17 After delivery, Baby G was directly transferred to GOOD SAMARITAN's neo-natal intensive care

18 unit where she began a slow recovery and rehabilitation, finally discharging from GOOD

19 SAMARITAN approximately 4½ months later on February 17, 2006.

20    8.    Upon her admission on October 3, 2005, Mother G signed a document titled

21 "Conditions of Admission and Authorization for Medical Treatment" wherein she assigned her

22 benefits to GOOD SAMARITAN.

23    9.    Upon admission, GOOD SAMARITAN obtained a copy of Mother G's insurance

24 card which listed the TRI-COUNTIES FUND and PHA as her insurance and network provider.

25 The front of the card listed Mother G as an "employee" and contained an effective date of August

26 1, 2005. The front of the card also stated that to "...access benefits and verify eligibility, see

27 reverse side." On the reverse side of Mother G's insurance card, PHA's telephone number was

28 listed as "Network Provider" and was listed for "Hospital Pre-Admission" review.

HOOPER, LUNDY & BOOKMAN, INC.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL: (415) 875-8500 • FAX: (415) 875-8519

2013134.1

3
COMPLAINT FOR DAMAGES

10.    Plaintiff is unaware of the precise nature of the relationships between the defendants but believes that defendants the TRI-COUNTIES FUND and PHA (hereinafter, collectively, "PLAN DEFENDANTS") were the principals and/or agents of each other and/or were acting on behalf of each other with knowledge and approval of each other.  GOOD SAMARITAN also believes that the TRI-COUNTIES FUND was part of the PHA network of providers.

11.    At all times herein mentioned, PHA had a contractual relationship with GOOD SAMARITAN wherein PHA was obligated to, among other things, identify and solicit third party payors, such as the TRI-COUNTIES FUND, "who seek to contract with hospitals..." such as GOOD SAMARITAN.  The agreement between GOOD SAMARITAN and PHA was titled "Provider Services Agreement" and was entered into on or about April 1, 1994.[2]

12.    Under the Provider Services Agreement, PHA was obligated to enter into "Health Care Contracts" with third party payors such as the TRI-COUNTIES FUND on behalf of GOOD SAMARITAN for the provision of medical and other covered services.  The Provider Services Agreement contained as Exhibit "A," a form Health Care Contract to be executed between the various third party payors and GOOD SAMARITAN.

13.    Under the Provider Services Agreement, PHA was designated as GOOD SAMARITAN's "attorney-in-fact" to enter into contracts substantially similar to the "Health Care Contract" attached to the Provider Services Agreement on behalf of GOOD SAMARITAN with third party payors, such as the TRI-COUNTIES FUND.

14.    Under the terms of the form Health Care Contract, the third party payor agreed that contracting through PHA represented the creation of a "unique product that is not comparable to individual contracts between the Payor and individual providers."  The form Health Care Contract set forth the compensation terms for which GOOD SAMARITAN would provide health care

[2] The Provider Services Agreement has not been attached as an exhibit to this Complaint in order to preserve the confidentiality of the terms, conditions and rates contained in the agreement, pursuant to the confidentiality and disclosure provisions agreed to between the parties to the contract.

HOOPER, LUNDY & BOOKMAN, INC.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL: (415) 875-8500  •  FAX: (415) 875-8519

2013134.1

4

COMPLAINT FOR DAMAGES

11517325.tif - 10/3/2007 10:11:41 AM

1   services to the third party payors' subscribers.  By its terms, GOOD SAMARITAN would provide

2   medical services and the third party payor agreed to pay the compensation set forth in the Health

3   Care Contract for subscribers of the TRI-COUNTIES FUND plan.

4       15.    In addition, under the Provider Services Agreement, PHA was obligated to provide

5   utilization review and to "assure that services provided or arranged for subscribers of ...[third

6   party payors]... are both appropriate and consistent with current standards and quality medical

7   care."

8       16.    The Provider Services Agreement also contained an indemnification clause which

9   provides that PHA and GOOD SAMARITAN shall "each indemnify and hold the other harmless

10  from all claims, losses, damages, judgments, liabilities, causes, expenses or obligations (including,

11  but not limited to reasonable attorneys fees and expenses) arising out of or resulting from its own

12  acts and omissions and those of its own employees and agents."

13      17.    GOOD SAMARITAN is informed and believes that PHA entered into such a

14  Health Care Contract with the TRI-COUNTIES FUND on behalf of GOOD SAMARITAN.

15  GOOD SAMARITAN bases this belief in part on the fact that the TRI-COUNTIES FUND

16  subscribers, such as Mother G and Baby G, accessed GOOD SAMARITAN through PHA's

17  provider network.

18      18.    Upon her admission, GOOD SAMARITAN obtained authorization for the

19  treatment and provision of medical and other services to Mother G and Baby G from PLAN

20  DEFENDANTS.  In confirming eligibility, GOOD SAMARITAN contacted PLAN

21  DEFENDANTS to confirm eligibility and coverage.

22      19.    Upon admission of Mother G and Baby G, PLAN DEFENDANTS provided

23  authorization and an authorization number to GOOD SAMARITAN.  PLAN DEFENDANTS

24  provided this information both over the telephone and in a document titled "Utilization Review

25  Summary."

26      20.    At least once every two weeks, and on many additional occasions, PLAN

27  DEFENDANTS spoke with representatives of GOOD SAMARITAN to obtain an update on the

28  condition of Baby G and to approve the necessity and appropriateness of her continuing medical

HOOPER, LUNDY & BOOKMAN, INC.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL. (415) 875-8500 • FAX: (415) 875-8519

2013134.1

5

11517325.tif - 10/3/2007 10:11:41 AM

1   care. During each of these calls, PLAN DEFENDANTS authorized the continuing care of Mother
2   G and Baby G.

3       21.    Many months of services were provided to Mother G and Baby G, during which
4   PLAN DEFENDANTS never informed GOOD SAMARITAN that there were any concerns
5   regarding the authorization, eligibility or coverage of Mother G or Baby G.

6       22.    Just days before Baby G's already scheduled discharge date however, PLAN
7   DEFENDANTS informed GOOD SAMARITAN of the anticipated, retroactive denial of coverage
8   although no such legal or contractual right exists to do so following authorization.

9       23.    PLAN DEFENDANTS since have attempted to retroactively rescind authorization
10  for and coverage of Mother G's and Baby G's medical services provided by GOOD
11  SAMARITAN. GOOD SAMARITAN was initially informed that the retroactive termination of
12  coverage was effective November 1, 2005. Months later, in or about May, 2006, GOOD
13  SAMARITAN was informed that the effective date of the retroactive termination was pushed back
14  to September 30, 2005.

15      24.    In total, billed charges for services to Mother G and Baby G are approximately
16  $2,005,621.00

17                          **FIRST CAUSE OF ACTION**

18              **(Breach of Contract – Against the TRI-COUNTIES FUND)**

19      25.    GOOD SAMARITAN realleges and incorporates the allegations above.

20      26.    GOOD SAMARITAN is informed and believes that PHA entered into a Health
21  Care Contract with the TRI-COUNTIES FUND on behalf of and as attorney-in-fact for GOOD
22  SAMARITAN which provided that the TRI-COUNTIES FUND would compensate GOOD
23  SAMARITAN for the medical and other services provided to the TRI-COUNTIES FUND's
24  subscribers.

25      27.    GOOD SAMARITAN fulfilled all of its obligations and complied with all
26  conditions, covenants and obligations of the Health Care Contract.

27      28.    GOOD SAMARITAN is entitled to payment for all of the medical and other
28  services provided to Mother G and Baby G under the terms of the Health Care Contract, for each

HOOPER, LUNDY & BOOKMAN, INC.
579 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL: (415) 875-8500 • FAX: (415) 875-8519

2013134.1

1  of the following reasons, any one of which is enough to constitute a breach of contract:

2          a.    First, the TRI-COUNTIES FUND is in default under the Health Care

3  Contract, which required the TRI-COUNTIES FUND to pay for the coverage of Mother G and

4  Baby G at the rates specified in the Health Care Contract.  The TRI-COUNTIES FUND refused to

5  pay the bills for medical and other services that GOOD SAMARITAN provided to Mother G and

6  Baby G when properly presented.

7          b.    Second, the TRI-COUNTIES FUND breached the Health Care Contract

8  when it refused to pay for the properly presented claims of Mother G and Baby G after GOOD

9  SAMARITAN made a reasonable effort to confirm that  was the person whose name appeared on

10  her TRI-COUNTIES FUND identification card under the terms of the Health Care Contract.

11          c.    Third, the TRI-COUNTIES FUND breached the Health Care Contract when

12  it failed to continually update information for its subscribers from which GOOD SAMARITAN

13  could verify the eligibility status of Mother G and Baby G.

14      29.    GOOD SAMARITAN has demanded the payment of those amounts specified in

15  the payment schedules of the Health Care Contract for the services provided to Mother G and

16  Baby G. The TRI-COUNTIES FUND has refused to pay, contrary to their obligations under the

17  Health Care Contract.

18      30.    The TRI-COUNTIES FUND committed an unjustified breach of the Health Care

19  Contract by their specific conduct and action when they failed to pay the amounts properly billed

20  to the TRI-COUNTIES FUND.

21      31.    As a result of the actions of the TRI-COUNTIES FUND, GOOD SAMARITAN

22  has been damaged in an amount to be proved at trial.

23                  <u>SECOND CAUSE OF ACTION</u>

24    **(Violation of the Implied Covenant of Good Faith and Fair Dealing — against the TRI-
                                COUNTIES FUND)**

26      32.    GOOD SAMARITAN realleges and incorporates the allegations above.

27      33.    GOOD SAMARITAN and the TRI-COUNTIES FUND had a business relationship

28  pursuant to the Health Care Contract between them through PHA.

HOOPER, LUNDY & BOOKMAN, INC.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL. (415) 875-8500 • FAX (415) 875-8519

2013134.1

7

COMPLAINT FOR DAMAGES

34.    There was an implied covenant of good faith and fair dealing between the Parties, whereby the TRI-COUNTIES FUND was bound to cooperate with GOOD SAMARITAN in the performance of the Health Care Contract. In particular, the TRI-COUNTIES FUND had an obligation to pay all claims submitted by GOOD SAMARITAN and to dispute only those claims that the TRI-COUNTIES FUND in good faith could argue were not covered or were in excess of the rates specified in the Health Care Contract. The TRI-COUNTIES FUND had the further obligation of keeping GOOD SAMARITAN informed of the updated eligibility of the TRI-COUNTIES FUND's subscribers.

35.    GOOD SAMARITAN has performed all the services, and met all obligations and terms required of it under the Health Care Contract. The TRI-COUNTIES FUND, however, has materially breached the covenant because it acted unfairly towards Plaintiffs by:

a)    failing to pay GOOD SAMARITAN at the rates specified in the Health Care Contract;

b)    failing to reasonably and timely inform GOOD SAMARITAN of any problems with the eligibility or coverage of Mother G or Baby G during the pre-admission certification or the continual approvals of ongoing medical care and treatment; and

c)    attempting to impose retroactive rescission of the authorizations already provided to GOOD SAMARITAN.

36.    As a result of the actions of the TRI-COUNTIES FUND, GOOD SAMARITAN has been damaged in an amount to be proved at trial.

## THIRD CAUSE OF ACTION

### (Breach of Contract – Against PHA)

37.    GOOD SAMARITAN realleges and incorporates the allegations above.

38.    Under the Provider Services Agreement, PHA was obligated to provide "utilization review" and to assure that services provided were both appropriate and consistent with current standards and quality medical care set forth therein.

39.    Under the Provider Services Agreement, PHA was obligated to enter into "Health Care Contracts" with third party payors such as the TRI-COUNTIES FUND on behalf of GOOD

HOOPER, LUNDY & BOOKMAN, INC.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL: (415) 875-8500 • FAX: (415) 875-8519

2013134.1

11517325.tif - 10/3/2007 10:11:41 AM

1  SAMARITAN for the provision of medical and other covered services.

2      40.    THE TRI-COUNTIES FUND has suggested that it may not consider itself bound

3  by the Health Care Contract that GOOD SAMARITAN believes TRI-COUNTIES entered into

4  through PHA. If, on behalf of and as attorney in fact for GOOD SAMARITAN, PHA did not

5  enter into such a Health Care Contract with the TRI-COUNTIES FUND, then PHA breached its

6  obligations do so under the Provider Services Agreement.

7      41.    If, on behalf of and as attorney in fact for GOOD SAMARITAN, PHA did not

8  enter into such a Health Care Contract with the TRI-COUNTIES FUND, PHA breached its

9  obligation to assure that the TRI-COUNTIES FUND, as a third party payor, agreed to the

10  utilization review mechanisms, the pre-admissions procedures, the concurrent and retrospective

11  review of medical and other covered services and the price and price related terms of the Health

12  Care Contract.

13      42.    GOOD SAMARITAN fulfilled all of its obligations and complied with all

14  conditions, covenants and obligations of the Provider Services Agreement.

15      43.    The Provider Services Agreement also contains an indemnification clause which

16  provides that PHA and GOOD SAMARITAN shall "each indemnify and hold the other harmless

17  from all claims, losses, damages, judgments, liabilities, causes, expenses or obligations (including,

18  but not limited to reasonable attorneys fees and expenses) arising out of or resulting from its own

19  acts and omissions and those of its own employees and agents."

20      44.    If, on behalf of and as attorney in fact for GOOD SAMARITAN, PHA did not

21  enter into such an Health Care Contract with the TRI-COUNTIES FUND, PHA committed an

22  unjustified breach of the Provider Services Agreement by their specific conduct and action when

23  the TRI-COUNTIES FUND failed to pay the amounts properly billed to the TRI-COUNTIES

24  FUND.

25      45.    As a result of the actions of PHA, GOOD SAMARITAN has been damaged in an

26  amount to be proved at trial.

27  ///

28  ///

HOOPER, LUNDY & BOOKMAN, INC.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL (415) 875-8500 • FAX: (415) 875-8519

2013134.1

9

COMPLAINT FOR DAMAGES

11517325.tif - 10/3/2007 10:11:41 AM

## FOURTH CAUSE OF ACTION

**(Violation of the Implied Covenant of Good Faith and Fair Dealing -- against PHA)**

46.    GOOD SAMARITAN realleges and incorporates the allegations above.

47.    GOOD SAMARITAN and PHA had a business relationship that spanned more than 13 years, as a result of which PHA was able to enter into contracts with third party payors, such as the TRI-COUNTIES FUND, for the use of their provider network of which GOOD SAMARITAN's services and facilities were a part.

48.    There was an implied covenant of good faith and fair dealing between the Parties, whereby PHA was bound to refrain from any conduct which would deprive GOOD SAMARITAN of the benefit of the Provider Services Agreement. The Covenant also mandated that PHA act fairly towards GOOD SAMARITAN and imposed a duty to do everything that the Provider Services Agreement presupposed that PHA would do to accomplish the purposes of the Provider Services Agreement. In particular, PHA had an obligation to pay, or cause the third party payors to pay, all claims in full submitted by GOOD SAMARITAN and to dispute only those claims that PHA in good faith could argue were not covered or were in excess of the rates specified in the Provider Services Agreement.

49.    GOOD SAMARITAN has performed all the services, and met all obligations and terms required of it under the Provider Services Agreement. PHA, however, has materially breached the covenant because it acted unfairly towards Plaintiffs by:

a)    failing to pay, or, in its position as an administrator, causing the TRI-COUNTIES FUND's failure to pay GOOD SAMARITAN at the rates specified in the Health Care Contract;

b)    If, on behalf of and as attorney-in-fact of the TRI-COUNTIES FUND, PHA did not cause a Health Care Contract to be entered into between GOOD SAMARITAN and the TRI-COUNTIES FUND, relying on an unexecuted arrangement to permit the TRI-COUNTIES FUND's subscribers to access GOOD SAMARITAN; and

c)    If Baby G and Mother G are not eligible, then failing to accurately verify the eligibility or coverage of Mother G and Baby G in a timely manner.

HOOPER, LUNDY & BOOKMAN, INC.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL: (415) 875-8500 • FAX: (415) 875-8519

2013134.1

10

1    50.    As a result of the actions of PHA, GOOD SAMARITAN has been damaged in an

2    amount to be proved at trial.

3    **FIFTH CAUSE OF ACTION**

4    **(Promissory Estoppel – against PLAN DEFENDANTS)**

5    51.    GOOD SAMARITAN realleges and incorporates the allegations above.

6    52.    If no Health Care Contract exists between GOOD SAMARITAN and the TRI-

7    COUNTIES FUND, then GOOD SAMARITAN relied in good faith to its detriment on the

8    promises and prior authorizations and approvals provided by PLAN DEFENDANTS in (i) issuing

9    an identification card to Mother G and Baby G, (ii) approving care to Mother G and Baby G by

10    providing verbal and written authorization, and (iii) continually approving their care and treatment

11    throughout their stay at GOOD SAMARITAN without mentioning any coverage issues.

12    53.    By their actions, PLAN DEFENDANTS are estopped from denying payment for

13    the claims of GOOD SAMARITAN after they provided pre-claim authorization and continued,

14    throughout the course of the stay of Mother G and Baby G to approve their continuing care.

15    54.    As a result of PLAN DEFENDANTS' actions, GOOD SAMARITAN has been

16    damaged in an amount to be proved at trial.

17    **SIXTH CAUSE OF ACTION**

18    **(Breach of Statutory Obligations Under Insurance Code §706.04 and/or Health & Safety**

19    **Code § 1371.8– against PLAN DEFENDANTS)**

20    55.    GOOD SAMARITAN realleges and incorporates the allegations above.

21    56.    California law precludes the retroactive denial of benefits after certifying coverage,

22    by requiring payment when a hospital provides services in good faith based on the payor's pre-

23    claim representations. *See* Ins. C. §706.04; Health & Safety C. § 1371.8.

24    57.    In providing medical services to Mother G and Baby G, GOOD SAMARITAN

25    relied in good faith to its detriment on authorizations and approvals provided by PLAN

26    DEFENDANTS in (i) issuing an identification card to Mother G, (ii) approving Mother G's and

27    Baby G's care by providing verbal and written authorization and (iii) continually approving their

28    care and treatment throughout their entire stay at GOOD SAMARITAN without mentioning any

HOOPER, LUNDY & BOOKMAN, INC.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL: (415) 875-8500 • FAX: (415) 875-8519

2013134.1

11
COMPLAINT FOR DAMAGES

1  coverage issues until just days before Baby G's scheduled discharge.

2      58.   By their actions, PLAN DEFENDANTS violated the obligations contained in

3  California Insurance Code §706.04 and California Health & Safety Code § 1371.8. by denying

4  payment for the claims of GOOD SAMARITAN after they provided pre-claim authorization and

5  continued, throughout the course of the stay of Mother G and Baby G to approve their continuing

6  care.

7      59.   As a result of PLAN DEFENDANTS' actions, GOOD SAMARITAN has been

8  damaged in an amount to be proved at trial.

9  **SEVENTH CAUSE OF ACTION**

10 **(Common Counts – PLAN DEFENDANTS)**

11     60.   GOOD SAMARITAN realleges and incorporates the allegations above.

12     61.   Between October, 2005 and February, 2006, GOOD SAMARITAN provided

13 hospital and other healthcare services to the TRI-COUNTIES FUND's enrollees Mother G and

14 Baby G in the contracted amount of bills totaling over $2,000,000.00 and were provided bills

15 stating an account for those amounts. The TRI-COUNTIES FUND and/or PHA were obligated to

16 reimburse GOOD SAMARITAN for the hospital and medical services provided to the TRI-

17 COUNTIES FUND's enrollees.

18     62.   GOOD SAMARITAN has sent statements to the TRI-COUNTIES FUND and/or

19 PHA for these stated services in the amount of approximately $2,000,000.00.

20     63.   Neither the TRI-COUNTIES FUND nor PHA have paid GOOD SAMARITAN the

21 full amount for these stated services. Accordingly, there is now due, owing and unpaid

22 $2,000,000.00, plus interest thereon at the legal rate.

23 **EIGHTH CAUSE OF ACTION**

24 **(NEGLIGENCE – Against PLAN DEFENDANTS)**

25     64.   GOOD SAMARITAN realleges and incorporates the allegations above.

26     65.   The TRI-COUNTIES FUND and PHA committed negligence ed when they failed

27 in their duties to GOOD SAMARITAN when: (i) the medical care and treatment of Mother G and

28 Baby G was authorized and approved; (ii) they issued an identification card to Mother G on

HOOPER, LUNDY & BOOKMAN, INC.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL. (415) 875-8500 • FAX. (415) 875-8519

2013134.1

1  which GOOD SAMARITAN relied in good faith, (iii) they approved the medical care and

2  treatment of Mother G and Baby G in verbal and written authorization and (iv) when they

3  continually approved their care and treatment throughout their entire stay at GOOD

4  SAMARITAN without mentioning any coverage issues until just days before Baby G's scheduled

5  discharge and after previously authorizing care.

6       66.    The PLAN DEFENDANTS made inaccurate and false representations and

7  warranties that Mother G and Baby G were authorized to receive medical care and treatment by

8  GOOD SAMARITAN on an initial and continuing basis.

9  These fraudulent misrepresentations by the TRI-COUNTIES FUND and PHA have damaged

10  GOOD SAMARITAN in an amount to be proved at trial.

**NINTH CAUSE OF ACTION**

**(Fraud – Against PLAN DEFENDANTS)**

13       67.    GOOD SAMARITAN realleges and incorporates the allegations above.

14       68.    The TRI-COUNTIES FUND and PHA committed fraud when they represented and

15  warranted to GOOD SAMARITAN: (i) that the medical care and treatment of Mother G and Baby

16  G was authorized and approved;  (ii) when they issued an identification card to Mother G, (iii)

17  when they approved the medical care and treatment of Mother G and Baby G in verbal and written

18  authorization and (iv) when they continually approved their care and treatment throughout their

19  entire stay at GOOD SAMARITAN without mentioning any coverage issues until just days before

20  Baby G's scheduled discharge and after previously authorizing care.

21       69.    The PLAN DEFENDANTS made inaccurate and false representations and

22  warranties that Mother G and Baby G were authorized to receive medical care and treatment by

23  GOOD SAMARITAN on an initial and continuing basis.

24       70.    These fraudulent misrepresentations by the TRI-COUNTIES FUND and PHA have

25  damaged GOOD SAMARITAN in an amount to be proved at trial.

**TENTH CAUSE OF ACTION**

**(Negligent Misrepresentation – Against PLAN DEFENDANTS)**

28       71.    GOOD SAMARITAN realleges and incorporates the allegations above.

HOOPER, LUNDY & BOOKMAN, INC.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL: (415) 875-8500 • FAX: (415) 875-8519

2013134.1

COMPLAINT FOR DAMAGES

11517325.tif - 10/3/2007 10:11:41 AM

72.    The TRI-COUNTIES FUND and PHA committed negligent misrepresentations when they represented and warranted to GOOD SAMARITAN: (i) that the medical care and treatment of Mother G and Baby G was authorized and approved;  (ii) when they issued an identification card to Mother G, (iii) when they approved the medical care and treatment of Mother G and Baby G in verbal and written authorization and (iv) when they continually approved their care and treatment throughout their entire stay at GOOD SAMARITAN without mentioning any coverage issues until just days before Baby G's scheduled discharge and after previously authorizing care.

73.    The PLAN DEFENDANTS made inaccurate and false representations and warranties that Mother G and Baby G were authorized to receive medical care and treatment by GOOD SAMARITAN on an initial and continuing basis.

74.    These negligent misrepresentations by the TRI-COUNTIES FUND and PHA have damaged GOOD SAMARITAN in an amount to be proved at trial.

## ELEVENTH CAUSE OF ACTION

### (Wrongful Denial of Health Care Benefits -- against the TRI-COUNTIES FUND)

75.    GOOD SAMARITAN realleges and incorporates the allegations above.

76.    If the TRI-COUNTIES FUND is an ERISA welfare benefit plan within the meaning of Section 3(2)(A) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1002(1), then this claim is brought pursuant to ERISA §502(a)(1).

77.    If the TRI-COUNTIES FUND is an ERISA Plan, this court has concurrent jurisdiction of actions to enforce or clarify rights under the plan under ERISA, §502(a)(1), 29 U.S.C. 1132(e)(1); *Wayte v. Rollins Int'l, Inc.* (1985) 169 Cal.App.3d 1, 14.

78.    At the time GOOD SAMARITAN provided medical services to Mother G and Baby G, they were eligible beneficiaries under the TRI-COUNTIES FUND.  As eligible beneficiaries, they were entitled to receive medical services.  GOOD SAMARITAN obtained an assignment of benefits from Mother G for Mother G and from Mother G on behalf of Baby G, which entitled GOOD SAMARITAN to obtain reimbursement from the TRI-COUNTIES FUND.

79.    The TRI-COUNTIES FUND has denied the payments for the coverage of Mother

HOOPER, LUNDY & BOOKMAN, INC.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL: (415) 875-8500 • FAX: (415) 875-8519

14

COMPLAINT FOR DAMAGES

1  G and Baby G.  To date, GOOD SAMARITAN has not received payment for its claims.

2      80.    In denying Mother G's claims, the TRI-COUNTIES FUND violated the terms of

3  the TRI-COUNTIES FUND agreement with Mother G and Baby G.

4      81.    In denying Mother G's and Baby G's claims, the TRI-COUNTIES FUND has failed

5  to give GOOD SAMARITAN a full and fair review of its denial of the claims.

6      82.    As a result of the TRI-COUNTIES FIND's actions, GOOD SAMARITAN has been

7  damaged in an amount to be proved at trial.

8                        **TWELFTH CAUSE OF ACTION**

9                **(Tort of Another – Against the TRI-COUNTIES FUND)**

10     83.    GOOD SAMARITAN realleges and incorporates the allegations above.

11     84.    The TRI-COUNTIES FUND undertook tortious conduct toward RODEO

12  DENTAL in such a way as to injure GOOD SAMARITAN.

13     85.    Long after care was provided, GOOD SAMARITAN was told by the TRI-

14  COUNTIES FUND that, prior to the hospitalization of Mother G and Baby G, Mother G was

15  employed by RODEO DENTAL, but that during 2005 RODEO DENTAL was delinquent in

16  paying its premiums.

17     86.    GOOD SAMARITAN was told by the TRI-COUNTIES FUND that the TRI-

18  COUNTIES FUND gave numerous extensions and grace periods to RODEO DENTAL in 2005 in

19  order for RODEO DENTAL to bring its account current when it was delinquent.

20     87.    GOOD SAMARITAN was told by the TRI-COUNTIES FUND that RODEO

21  DENTAL tried to reinstate coverage, but was refused for not having acted within the "grace

22  period."

23     88.    GOOD SAMARITAN was told by the TRI-COUNTIES FUND that after one final

24  opportunity to bring its account current in or around December or January, 2005, the TRI-

25  COUNTIES FUND terminated RODEO DENTAL's coverage effective November 1, 2005, but

26  only after becoming aware of the expensive claims Mother G and Baby G.

27     89.    If true, GOOD SAMARITAN was told that such prior delinquencies were allowed

28  for payment.

HOOPER, LUNDY & BOOKMAN, INC.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL: (415) 875-8500 • FAX: (415) 875-8519

90.   If true, GOOD SAMARITAN is informed and believes that the TRI-COUNTIES FUND negligently delayed notifying Mother G and/or RODEO DENTAL about the alleged delinquency or non-payment of premiums, and thus, improperly prevented them from exercising the right to reinstate coverage and/or obtain alternative coverage.

91.   If true, GOOD SAMARITAN is informed and believes that the substantial delays and errors by the TRI-COUNTIES FUND stalled or misled RODEO DENTAL and/or Mother G in assuring that coverage was provided for Mother G and Baby G, to GOOD SAMARITAN foreseeable detriment.

92.   If true, GOOD SAMARITAN is informed and believes that the TRI-COUNTIES FUND violated an agreement with RODEO DENTAL to accept payments late that was established by the prior course of conduct.

93.   If true, then it appears that the TRI-COUNTIES FUND tried to retroactively cherry pick RODEO DENTAL by accepting late payments when no expensive care was needed but then refused premiums after it was determined that expensive care was necessary.

94.   If true, GOOD SAMARITAN is informed and believes that the TRI-COUNTIES FUND wrongfully terminated RODEO DENTAL's coverage after it had waived its right to do so.

95.   GOOD SAMARITAN has rights against the TRI-COUNTIES FUND based on the tort of another doctrine, which would include the right to damages for not only the aggregate amount of the bills, but also for GOOD SAMARITAN's attorneys' fees.

96.   A person who through the tort of another has been required to protect his interests by bringing or defending an action against a third person may recover for the reasonably necessary loss of time, attorneys' fees, and other expenditures he incurred. (*Prentice v. North Amer. Title Guaranty Corp.* (1963) 59 Cal.2d 618, 620.)   "The theory of recovery is that the attorneys fees are recoverable as damages resulting from a tort in the same way that medical fees would be part of the damages in a personal injury action." (*Sooy v. Peter* (1990) 220 Cal.App.3d 1305, 1310.)

97.   A contract can form the basis of a duty that one owes to another to satisfy the duty element of the tort of another doctrine. *Watson v. Dept. of Transportation*, 68 Cal.App.4[th] 885 (1998).

HOOPER, LUNDY & BOOKMAN, INC.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL. (415) 875-8500 • FAX: (415) 875-8519

16

COMPLAINT FOR DAMAGES

OCT-03-2007(WED) 10:07   ONE LEGAL, INC.                    (FAX)1+510+873+0984      P. 021

98.   The TRI-COUNTIES FUND's refusal to accept allegedly late premiums and/or to honor its express and implied contract to accept them, triggers liability to GOOD SAMARITAN under this doctrine too.

99.   As a result of the tortious actions of the TRI-COUNTIES FUND against RODEO DENTAL and/or , GOOD SAMARITAN has been damaged in an amount to be proved at trial.

### THIRTEENTH CAUSE OF ACTION

### (Implied Contract – Against RODEO DENTAL)

100.   GOOD SAMARITAN realleges and incorporates the allegations above.

101.   GOOD SAMARITAN is informed by the TRI-COUNTIES FUND that prior to the hospitalization of Mother G and Baby G, Mother G was employed by RODEO DENTAL, and that during 2005 RODEO DENTAL was delinquent in paying its premiums.

102.   GOOD SAMARITAN is informed and believes that RODEO DENTAL agreed to provide Mother G and Baby G with healthcare benefits as part of her employment, including, undertaking an obligation to provide health care coverage for Mother G and her family.

103.   If the TRI-COUNTIES FUND is correct that RODEO DENTAL did not timely pay its insurance premiums and did not meet the alleged grace period then, it did so to the detriment of Mother G and Baby G.

104.   GOOD SAMARITAN is the assignee of the rights of Mother G and Baby G for coverage benefits, which includes 's Mother G's and Baby G's right to insurance coverage through RODEO DENTAL.

105.   As a result of the actions of RODEO DENTAL, GOOD SAMARITAN has been damaged in an amount to be proved at trial.

### PRAYER FOR RELIEF

GOOD SAMARITAN prays for judgment in its favor, and against Defendants, as follows:

(a)   For compensatory damages as proven at trial.

(b)   For costs of suit.

(c)   Order that the decision denying the claims of GOOD SAMARITAN be reversed and that the claims be paid, including prejudgment interest;

HOOPER, LUNDY & BOOKMAN, INC.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL. (415) 875-8500 • FAX: (415) 875-8519

2013134.1

17
COMPLAINT FOR DAMAGES

11517325.tif - 10/3/2007 10:11:41 AM

1      (d)    For punitive damages;

2      (e)    For attorneys' fees; and

3      (f)    For such other relief as the Court may deem just and proper.

4  DATED: October 1, 2007        HOOPER, LUNDY & BOOKMAN, INC.

5

6      By: _____

7            MICHAEL A. DUBIN
    Attorneys for Plaintiff GOOD SAMARITAN

8      HOSPITAL

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



HOOPER, LUNDY & BOOKMAN, INC.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL. (415) 875-8500 • FAX. (415) 875-8519

2013134.1

18
COMPLAINT FOR DAMAGES

**EXHIBIT C**

DUANE B. BEESON
NEIL BODINE
ROBERT BONSALL
GEOFFREY PILLER
CATHERINE E. AROSTEGUI
JOHN C. PROVOST
ANDREW H. BAKER
JASON RABINOWITZ*
SHEILA K. SEXTON
MATTHEW MORBELLO**
DALE L. BRODSKY
TEAGUE P. PATERSON***
COSTA KERESTENZIS
LISA W. PAU
DAVID WEINTRAUB
MARGARET A. GEDDES
SARAH SANDFORD-SMITH BATT
*ALSO ADMITTED IN NEVADA
**ALSO ADMITTED IN PENNSYLVANIA AND WASHINGTON
***ALSO ADMITTED IN NEW YORK

**BEESON, TAYER & BODINE**
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
520 CAPITOL MALL, SUITE 300
SACRAMENTO, CALIFORNIA 95814-4714
(916) 325-2100
FAX (916) 325-2120
WWW.BEESONTAYER.COM

OAKLAND OFFICE
1404 FRANKLIN STREET
FIFTH FLOOR
OAKLAND, CA 94612-3208
(510) 625-9700
FAX (510) 625-8275

DONALD S. TAYER
(1932-2001)

OF COUNSEL
JOSEPH C. WAXMAN

Sender's Email: mmorbello@beesontayer.com

October 22, 2007

*By Mail and Facsimile to (831) 424-0549*

Dr. Bharat Rakshak, DDS
Rodeo Dental Group
1070 North Davis Road
Salinas, CA  93906

Re:    *Good Samaritan Hospital v. Tri-Counties Health & Welfare Trust Fund, Pacific
       Health Alliance, Inc, and Rodeo Dental Group
       Santa Clara Superior Court Case No. 107CV095539*

Dear Dr. Rakshak:

Our office represents the Tri-Counties Health & Welfare Trust Fund, which has been named a defendant along with Rodeo Dental Group in the above-referenced lawsuit.  I understand that Rodeo Dental has been served with the summons and complaint in this lawsuit earlier this month.  It is extremely important that I speak with Rodeo Dental's attorney as soon as possible regarding this lawsuit.  It may be in our client's mutual interest to have this case removed to federal court, but to do so we must act quickly.

Please forward this letter to your attorney promptly.  Thank you for your attention to this matter.

Very truly yours,

Matthew Morbello

MM/cjb

cc:  Teague Paterson

**FILE COPY**

71038.doc

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO                 0591
RECIPIENT ADDRESS        18314240549
DESTINATION ID
ST. TIME                 10/22 11:54
TIME USE                 00'31
PAGES SENT               2
RESULT                   OK
```

## BEESON, TAYER & BODINE, APC

| 1404 FRANKLIN STREET, FIFTH FLOOR | 520 CAPITOL MALL, SUITE 300 |
| OAKLAND, CA 94612 | SACRAMENTO, CA 95814 |
| 510.625.9700 * 510.625.8275 FAX | 916.325.2100 * 916.325.2120 FAX |

*WWW.BEESONTAYER.COM*

## SACRAMENTO OFFICE FAX COVERSHEET

To:   Dr. Bharat Bakshak                    FAX NO:   (831) 424-0549
      Rodeo Dental Group

FROM:   Matthew Morbello                    FAXED BY:   Cynthia J. Belcher

DATE:   October 22, 2007

MATTER ID:   1334-015                       NUMBER OF PAGES:          2

RE:   Good Samaritan Hospital v. Tri-Counties Health & Welfare Trust Fund